United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, *et al.*, | No. C-09-0271 EMC |
| Plaintiffs, | |
| v. | **ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| BUILDEX, INC., | **(Docket No. 14)** |
| Defendant. _____/ | |

Plaintiff is the Board of Trustees for the Laborers Health and Welfare Trust Fund for Northern California, the Laborers Vacation-Holiday Trust Fund for Northern California, the Laborers Pension Trust Fund for Northern California, and the Laborers Training and Retraining Trust Fund for Northern California (collectively, "Trust Funds"). The Trust Funds are employee benefit plans and multiemployer plans. Plaintiff filed suit, on behalf of the Trust Funds, against Defendant Buildex, Inc. (doing business as Cleanex, Inc.) pursuant to the Employee Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. § 1132, and the Labor Management Relations Act ("LMRA"). *See id.* § 185. After Buildex failed to respond to Plaintiff's complaint, default was entered on April 1, 2009. *See* Docket No. 8. Plaintiff thereafter moved for default judgment.

The Court held a hearing on the motion on August 27, 2009. At the hearing, the Court expressed concern about whether service of process was properly effected, citing in support *Dill v. Berquist Construction Co., Inc.*, 24 Cal. App. 4th 1426, 1436 (1994) (stating that, "in order to serve a corporate defendant by mail at an address outside the state pursuant to [California Code of Civil Procedure] section 415.40, a plaintiff must mail the summons to a person to be served on behalf of

the corporation, i.e., to one of the individuals specified in section 416.10"). Plaintiff was given an opportunity to provide the Court with supplemental papers on the issue, *i.e.*, an amended proof of service for the summons and complaint.

On September 9, 2009, Plaintiff submitted a supplemental declaration stating that it was not able to provide the Court with an amended proof of service. *See* Docket No. 30 (Zinnen Decl. ¶ 3) (stating that, according to process server, the mailing was addressed only to defendant, and not to Ms. Mamayev specifically). Plaintiff added that, on August 28, 2009, it had re-served the complaint on Defendant and that it anticipated seeking an entry of default again should Defendant fail to timely respond to the complaint. *See* Docket No. 30 (Zinnen Decl. ¶ 4).

Given the contents of the supplemental declaration, the Court deems Plaintiff to have withdrawn its motion for default judgment without prejudice. The Court therefore need not rule on the merits of the motion.

IT IS SO ORDERED.

Dated: September 15, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

2